

# 7995

NO. 7995

COURT OF APPEAL

PARISH OF ORLEANS.

SUCCESSION

OF

GEORGE GILMORE

*April 10/22*

# 7995

Dinkelspiel; J.

The only question presented in this application to the appointment of John Gilmore as Administrator of the Succession of George Gilmore, comes up on the application and opposition of the surviving widow, to be appointed Administratrix in preference to the applicant, John Gilmore, and this is more or less a question of fact, whether or not the widow was legally married to the deceased.

The testimony in this case, of witnesses residing in the neighborhood, members of the family and others, more or less disinterested, is to the effect that the widow was of colored blood, known to be such in the neighborhood where she resided and associations and relations were of the same character and all circumstances surrounding the life of the deceased, who was a white man, go convincingly to establish the fact that the widow, as stated, was of colored blood.

It would serve no good purpose to, in detail, cite the evidence in this case. The Judge of the Court aqua in his written reasons, having seen and heard the witnesses, says:

"That the opponent herein failed in establishing that she was the legally married wife of deceased, George Gilmore, and that she being of the colored race, as established by un-impeached testimony offered at the trial of this case by applicant, her pretended marriage with said deceased produced no civil effect and no right to the administration of his estate."

The Act of the Legislature, No. 54 of 1894 and Article 94 of the Revised Civil Code of 1870 reads:

"Marriage between persons related to each other in the direct ascending or descending line, is prohibited. This prohibition is not/confined to legitimate children, but extends also to children born out of marriage.

Marriage between white persons and persons of color is prohibited and the celebration of all such marriages is forbidden and such celebration carries with it no effect and is null and void."

In the Succession of Jean Michel Minvielle, 15 Ann. 343, the Court held:

"A marriage celebrated between a free white person and a free person of color, in violation of Art. 95 of the Civil Code, is an absolute nullity. No suit is needed to declare the nullity of such a union. Either party may disregard it and neither can pretend to derive from it any of the consequences of a lawful marriage. Such a marriage may be attacked collarterally and in every form of action in which it is set up against either of the parties."

The widow in this case having died since this case was decided, her daughter makes herself a party and opposes the administration, claiming that she had a better right to act as Administratrix, than the applican in this case.

There is no law that gives this daugther that right, nor has any been pointed out to us, and the Article of the Civil Code referred to in counsel's brief and the authorities quoted by him, we do not consider in point in this case.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court aqua be and is hereby affirmed, costs of both Courts to be paid by the Succession of George Gilmore.

—Judgment affirmed.